UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 13-CR-00121 JST |
| Plaintiff, | )<br>)<br>) | **ORDER OF DETENTION OF DEFENDANT AURORA MARIN** |
| v. | ) | |
| AURORA MARIN,<br>    a/k/a Guadalupe Gaona,<br>    a/k/a Aurora Marin Medina,<br>    a/k/a Aracely M. Ramirez,<br>    a/k/a Araceli Ramirez Medina,<br>NICANOR SILVA, and<br>FIDEL HURTADO, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

1       Defendant Aurora Marin ("Defendant") came before this Court on April 1, 2013 for hearing on
2   the Government's appeal of the Magistrate's Order of Pretrial Release.  Assistant United States Attorney
3   Katie Medearis appeared on behalf of the United States.  Attorney Mary McNamara appeared on behalf
4   of the Defendant.  The Government requested pretrial detention of Defendant, submitting that no
5   condition or combination of conditions would reasonably assure her appearance because she presented a
6   serious risk of flight, as well as a danger to the community.  Defendant opposed this request.  Pretrial
7   Services submitted a report recommending detention, unless Defendant could offer a secured bond and
8   resolve her ICE detainer.
9       Having thoroughly considered the Government's moving papers, Defendant's opposition thereto,
10  the Pretrial Services Report, and the oral arguments of counsel, and for the reasons set forth below, the
11  Court finds that the Government has proven by a preponderance of the evidence that Defendant is a
12  serious flight risk, and that no condition or combination of conditions will reasonably assure her
13  appearance.  18 U.S.C. § 3142(e).
14      As an initial matter, the Court finds that the United States failed to prove by clear and convincing
15  evidence that Defendant is a danger to the community.  18 U.S.C. § 3142(f)(2)(B).  The offense of
16  which Defendant is accused is not a crime of violence.  She was not in possession of a firearm when she
17  was arrested, and the Government does not allege that she used violence in the commission of the crime.
18  While Defendant has a prior criminal history, she has no record of violence.  Therefore, danger to the
19  community is not a basis for detention.
20      The Court does find, however, that the facts support a finding that Defendant presents a serious
21  risk of flight based on the factors identified in Bail Reform Act ("BRA").  18 U.S.C. § 3142(e).  In
22  accordance with the BRA, the Court considered the following factors, which are paraphrased as follows:
23  (1) the nature and seriousness of the offense charged; (2) the weight of the evidence against the
24  defendant; (3) the history and characteristics of the defendant, including, among other considerations,
25  employment, past conduct and criminal history, and records of court appearances; and (4) the nature and
26  seriousness of the danger to any person or the community that would be posed by the defendant's
27  release.  18 U.S.C. § 3142(g).
28      Based on the following facts, the Court concludes that Defendant presents a serious risk of flight,

1  and that no conditions or combination of conditions will mitigate that risk and assure Defendant's
2  appearance in court:
3    (1) The nature and circumstances of the offense are serious. Defendant is charged with drug
4  trafficking and conspiracy, in violations of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846.
5    (2) The weight of the evidence against Defendant is substantial. Defendant was observed
6  participating in a drug transaction and transporting a bag containing over 800 grams of
7  methamphetamine to the incident location. Although Defendant's counsel raises a question as to
8  whether Defendant knew what was in the bag, the Court is mindful that Defendant was previously
9  convicted of, and served a significant state prison sentence for, possession of methamphetamine for sale.
10    (3) With respect to Defendant's history and characteristics, the Court notes that Defendant is a
11  Mexican citizen. Defendant has current ties to that country because many of her family members live in
12  Mexico. Defendant was caught in possession of false identification cards, and she has used multiple
13  dates of birth and numerous aliases. It would be easy for her to flee, and she a motivation to do so. The
14  Court is not persuaded by Defendant's argument that the possession of false identification is customary
15  for illegal aliens as an explanation for this particular case.
16    The Court also notes that Defendant does not have any bail resources that would allow her
17  release on a secured bond. Defendant has no verified employment that would establish a legitimate
18  means of support. When asked about her employment, Defendant provided information to Pretrial
19  Services that she was employed as a housekeeper. She was unable to provide the name or telephone
20  number of her alleged employer, and her significant other told Pretrial Services that Defendant was not,
21  in fact, so employed.
22    The Court recognizes the Defendant's unique physical and mental conditions. She very recently
23  gave birth to a child. These factors by themselves, however, are not adequate to rebut the other factors
24  listed above.
25  / / /
26  / / /
27  / / /
28  / / /

The Court finds that Defendant has not rebutted the presumption of detention present in this narcotics case and that the Government has met its burden by showing by preponderance of the evidence that Defendant is a serious flight risk. Accordingly, the Court ORDERS Defendant detained pending trial.[1]

IT IS SO ORDERED.

Dated: April 4, 2013

JON S. TIGAR
United States District Judge

---

[1] Having found that a detention order is appropriate, the Court finds it unnecessary to reach the question of what effect, if any, an ICE detainer order should or would have on defendant's release.